UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| Berkshire Place Associates, LP and Berkshire Place, Ltd., <br><br> Plaintiffs, <br><br> v. <br><br> MDG Real Estate Global Limited, MDG Real Estate Global, LLC, and Riverside Abstract, LLC, <br><br> Defendants. | C.A. No. 1:19-cv-432-MSM-LDA |

MEMORANDUM AND ORDER

Mary S. McElroy, United States District Judge.

Before the Court is Defendants' Motion to Dismiss or, in the Alternative, to Stay. For the following reasons, Defendants' motion to stay is granted pending venue determination by the Eastern District of New York.

BACKGROUND

The following facts come from the Complaint and the memoranda submitted by the parties in support of and in opposition to the Defendants' Motion. Berkshire Place Associates, LP and Berkshire Place, Ltd. (together "Berkshire") entered into a Purchase and Sales Agreement to sell a nursing home facility located in Providence, Rhode Island to MDG Real Estate Global Limited and MDG Real Estate Global, LLC

1

(together "MDG"). Berkshire solicited offers and MDG made the highest bid, offering $28 million. In conjunction with signing the purchase agreement, MDG deposited $1.4 million with an escrow agent. According to the contract terms, Berkshire would be entitled to the deposit amount in the event MDG materially breached the purchase agreement. At some point, relations between the parties broke down. Pursuant to the agreement, the parties waived their rights to a jury trial in favor of binding arbitration, governed by Rhode Island state law, to resolve any contract disputes. Following a three-day hearing in Boston, Massachusetts, a three-member arbitration panel found for Berkshire, awarding Berkshire the $1.4 million deposit held by MDG's escrow agent. On June 26, 2019, the American Arbitration Association panel issued its award decision.

The arbitration award has brought the parties before courts in both the District of Rhode Island and the Eastern District of New York. On July 3, 2019, MDG filed a summons and notice in the New York Supreme Court seeking to vacate the award. On July 9, 2019, Berkshire filed an action in Rhode Island Superior Court seeking award confirmation. It is unclear from the record whether Berkshire has ever been properly served in the New York state action, but Berkshire filed for removal to the Eastern District of New York on August 6, 2019. MDG similarly removed the Rhode Island state action to this Court on August 14, 2019.

Berkshire re-filed its Motion to Confirm Arbitration Award in this Court on August 28, 2019. In response, MDG filed an objection to Berkshire's Motion to Confirm and included as an exhibit MDG's Motion to Dismiss or, in the Alternative,

to Stay previously pending in Rhode Island Superior Court. MDG did not re-file that motion in this Court after removal, but the Motion and memorandum were included with the electronic transmittal of the state court documents. In addition to the competing lawsuits, MDG's initiation of the New York state action further complicates this case. In its opposition to MDG's Motion to Dismiss, Berkshire asserts that MDG's filings in New York were insufficient to commence an action against Berkshire.

DISCUSSION

As a preliminary matter, the Court will, notwithstanding the procedural objection by Berkshire, address MDG's Motion to Dismiss or, in the Alternative, to Stay. As Berkshire points out, MDG's Motion to Dismiss was not refiled as required by the Case Opening Notice and Notice of Removal from State Court issued in this case. (ECF No. 4.) However, MDG's Motion has been transferred by electronic record and Berkshire has responded by providing this Court with its Objection to Defendants' Motion to Dismiss the Complaint. The Court will not require MDG to duplicate the filing but instead will consider the Motion to Dismiss or, in the Alternative, to Stay as well as Berkshire's objections to it.

With competing lawsuits pending in two federal courts, the question of whether to stay or dismiss a proceeding in one forum is informed both by principles of federal comity and accepted rules of venue selection.

When two cases, each involving the same parties and issues, are pending before two separate federal courts, the question of proper venue must be resolved to

avoid "conflicting judicial resolutions" and "duplication of judicial efforts." *Narragansett Elec. Co. v. TransCanada Power Mktg. Ltd.*, No. C.A. 005-2345, 2005 WL 8174772, *3 (D.R.I. October 5, 2005) (citing *Gemco Latinoamerica, Inc. v. Seiko Time Corp.*, 623 F. Supp. 912, 916 (D.P.R. 1985). "The 'first-filed rule' is an equitable doctrine of venue selection followed universally: '[w]here identical actions are proceeding concurrently in two federal courts ... the first filed action is generally preferred in a choice-of-venue decision." *Feinstein v. Brown*, 304 F. Supp.2d 279, 280-81 (D.R.I. 2004) (quoting *Cianbro Corp. v. Curran-Lavoie, Inc.*, 814 F.2d 7, 11 (1st Cir. 1987)).

It is true that the "first-filed" presumption strongly favors "a plaintiff's choice of venue in the first-filed action." *Id.* at 283. However, the presumption may be overcome where the "balance of convenience" weighs in favor of the second-filed action or where there are "special circumstances." *Id.* (citing *S.W. Indus., Inc. v. Aetna Cas. & Sur. Co.*, 653 F. Supp. 631, 634 (D.R.I. 1987)). In a case where a party has "race[d] to the courthouse" to file what is called "an anticipatory suit," the presumption may be overcome, and the second-filed suit can move forward instead of the first due to the so-called "special circumstances" involved. *Id.* (citing *Cianbro Corp.*, 814 F.2d at 11).

Alternatively, when balancing conveniences to determine proper venue, courts consider the following six factors: "(1) the plaintiff's choice of forum; (2) the convenience of the parties; (3) the convenience of witnesses and location of documents; (4) any connection between the forum and the issues; (5) the law to be applied; and

4

(6) the state or public interest at stake." *Id.* (citing *The Holmes Group, Inc. v. Hamilton Beach/Proctor Silex, Inc.*, 249 F. Supp. 2d 12, 17 (D.Mass. 2002).

In this case, the "first-filed" presumption that would appear to favor MDG's July 3, 2019 filings in New York is challenged by Berkshire on the basis that MDG's initial filings in New York were procedurally defective and failed to commence an action.

Berkshire argues in its opposition memorandum that because the New York state filings "were procedurally deficient" the New York state action was not filed first. (ECF No. 11-2.) According to MDG, "[t]he New York Action was commenced by way of summons with notice, dated and filed on July 3, 2019" and "a complaint was filed in the NY Action on August 5, 2019." (ECF No. 10-1.) Berkshire maintains MDG's Summons and Notice failed to initiate any action in New York on July 3, 2019 and argues that suits involving arbitration awards are considered "special proceedings" and require a petition to commence. (ECF No. 11-2.) Due to the improper filing, Berkshire says the New York suit did not actually commence until MDG filed the Complaint on August 5, 2019. *Id.* If that is true, Berkshire urges, then the case before this Court should proceed and MDG's Motion should be denied. *Id.*

Pursuant to N.Y. C.P.L.R. § 7502, "A special proceeding shall be used to bring before a court the first application arising out of an arbitrable controversy which is not made by motion in a pending action." N.Y. C.P.L.R. § 7502 (McKinney 2005). Special proceedings, in turn, are "commenced by filing a petition." N.Y. C.P.L.R. § 304 (McKinney 2008). Berkshire argues that MDG failed to commence the first action

because it did not file a petition as required by the rule. Refusing to recognize that July 3, 2019 filing as effective would therefore render Berkshire's Complaint the first-filed action in Rhode Island and give it precedence. Alternately, Berkshire argues MDG and Berkshire filed "contemporaneous" actions in New York and Rhode Island but that the principles of *forum nonconveniens* point to Rhode Island as the appropriate forum. (ECF No. 11-2.)

MDG, on the other hand, offers the July 3, 2019 filing date and copy of the Summons with Notice as proof that it filed first. According to MDG, there is no need to deviate from the first-filed presumption and the New York suit should proceed without duplication in Rhode Island. (ECF No. 10-1.) MDG also asserts a "nexus" between the disputed arbitration award and the State of New York, pointing to the escrow funds held by a New York entity and MDG's business in that state. *Id.* Finally, MDG outlines its case for vacating the arbitration award and suggests there are "equitable" reasons for the case to proceed in New York but does not elaborate beyond claiming the "Award misapplied the plain contractual language of the Agreement" and calling the award "arbitrary and capricious." *Id.*

While venue determinations are discretionary, there is an understanding recognized and adhered to by federal courts "that the district court hearing the first-filed action should determine whether special circumstances [or the balance of convenience] dictate that the first action be dismissed in favor of a later-filed action." *Narragansett Elec. Co.*, 2005 WL 8174772 at *3 (quoting *Gemco,* 623 F. Supp. at 916). In *Narragansett Elec. Co.*, where the filing in Rhode Island had been subsequent to

that in Massachusetts, this Court concluded "that the Massachusetts court should have the opportunity to determine the applicability of the first-filed rule" and deferred the question to the District of Massachusetts. *Id.*

That convention militates in favor of the District of Rhode Island deferring to the Eastern District of New York to reach a conclusion based on the balance of convenience or special circumstances, or even the sufficiency of the New York state filings with respect to a venue determination in this case. The "court in which the first-filed case was brought" decides whether to apply the first-filed rule or not. *Cruz v. Hartford Cas. Ins. Co.*, No. C.A.: 005-38S, 2005 WL 1231965, *4 (D.R.I. May 20, 2005) (quoting *Ontel Products Inc. v. Project Strategies Corp.*, 899 F.Supp. 1144, 1150 n.9 (S.D.N.Y. 1995)). Because MDG filed a notice and summons in New York state court on July 3, 2019, six days before Berkshire filed its complaint in Rhode Island, it is the Eastern District of New York, to which the New York action was removed, that should determine the appropriate venue rule, or exception(s), applicable in this case. This is particularly appropriate because New York law may control the legal effect of MDG's July 3rd filing in the New York Supreme Court.

## CONCLUSION

For the foregoing reasons, MDG's Motion to Dismiss or, in the Alternative, to Stay is GRANTED to the extent that this case will be stayed pending adjudication in *MDG Real Estate Global Limited v. Berkshire Place Associates*, C.A. No. 19-cv-04532-ENV-PK (E.D.N.Y.). The clerk is directed to transmit a copy of this Order to

7

the Judge presiding over the case in the Eastern District of New York.

IT IS SO ORDERED.

*Mary S. McElroy*
Mary S. McElroy
United States District Judge
1/31/2020